UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>          Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden, *et al.*,<br><br>          Respondents. | Case No.: 3:23-cv-01234-LL-AHG<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING**<br><br>[ECF No. 27] |

Before the Court is Petitioner's Motion for Evidentiary Hearing Revisiting Prior Convictions CDCR-BPH Used 9/28/2021 ("Motion for Evidentiary Hearing"). ECF No. 27. For the reasons set forth below, the motion is **DENIED**.

## I. BACKGROUND

Petitioner James Bowell, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 2, 2023, challenging his state court conviction for failure to register as a sex offender and resulting sentence of 25 years to life under California's Three Strikes Law. ECF No. 1. Respondent filed an Answer to the Petition on September 21, 2023, and Petitioner filed a Traverse on September 29, 2023. ECF Nos. 23, 25. On October 10, 2023, Petitioner filed the instant Motion for Evidentiary Hearing. ECF No. 27. In the Motion for Evidentiary Hearing, Petitioner challenges the Comprehensive Risk Assessment conducted by a forensic psychologist and submitted to

1

the California Board of Parole Hearings ("BPH") in connection with Petitioner's September 28, 2021 parole hearing, which resulted in a five-year denial of parole, and which is the subject of one of his underlying habeas claims in his petition. *See id.* at 1-2. Petitioner attached a copy of the BPH Comprehensive Risk Assessment to the motion, to which he added a number of notes and comments challenging certain statements in the assessment. Presumably in support of these challenges, Petitioner also attached documentation related to certain of his prior convictions discussed in the assessment. *Id.* at 3-8. Petitioner requests an evidentiary hearing to address the prior convictions that were discussed in the assessment and reviewed by the BPH before denying parole. Petitioner avers that the risk assessment contains "fraudulent allegations" and "mischaracterizations" of his prior convictions and "expand[ed] decades old misdemeanor plea agreements to appear as felonies listed over and over again in error or intentionally to harm me with a five year denial." *Id.* at 1, 2. Additionally, Petitioner complains that he was denied an attorney for the parole hearing, and that the BPH would not have found any evidence of dangerousness beyond the crime of conviction had the board not given weight to the risk assessment. *Id.* at 2.

"A motion for evidentiary hearing is not classified as dispositive under 28 U.S.C. § 636(b) and thus may be decided by a magistrate judge to whom the case has been referred." *McKnight v. Bobby*, No. 2:09-CV-059, 2012 WL 13294072, at *1 (S.D. Ohio Apr. 6, 2012). *See also Boothe v. Ballard*, No. 2:14-CV-25165, 2016 WL 1275054, at *60 (S.D.W. Va. Mar. 31, 2016), *aff'd*, 670 F. App'x 193 (4th Cir. 2016) ("Motions for evidentiary hearings and motions for appointment of counsel are both non-dispositive matters."). Accordingly, the motion is properly before the undersigned Magistrate Judge for decision.

## II.     LEGAL STANDARD

The standard for granting an evidentiary hearing under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "is a stringent one." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). Specifically, 28 U.S.C. § 2254(e)(1) provides that in a habeas proceeding brought by a state prisoner in federal court, "a determination of a factual issue

made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." If the petitioner wishes to expand the state court record by way of an evidentiary hearing because the petitioner "has failed to develop the factual basis of a claim in State court proceedings," the Court ***shall not*** hold an evidentiary hearing on the claim unless the petitioner shows that:

> (A) the claim relies on—
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254(e)(2)(A)-(B) (emphasis added).

    Before these AEDPA provisions were enacted, "the decision concerning an evidentiary hearing with respect to a habeas petition was firmly committed to the discretion of the district courts, subject to some judicially-created limitations on that discretion." *Baja v. Ducharme*, 187 F.3d 1075, 1077–79 (9th Cir. 1999) (citation omitted). Now, however, these provisions "impose an express limitation on the power of a federal court to grant an evidentiary hearing, and have reduced considerably the degree of the district court's discretion." *Id.* (internal quotations and citation omitted). "In all but these extraordinary cases, AEDPA 'bars evidentiary hearings in federal habeas proceedings initiated by state prisoners.'" *Shinn*, 596 U.S. at 371 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013)). A simpler way of describing these "extraordinary cases" is that they are cases in which habeas petitioners "present new evidence of their innocence." *McQuiggin*, 569 U.S. at 395.

\\
\\

## III. DISCUSSION

Here, Petitioner has wholly failed to address the AEDPA standards for granting an evidentiary hearing in his motion. Indeed, Petitioner does not even assert a need to develop the factual basis of any of his habeas claims, let alone grapple with whether he has made the requisite showing under § 2254(e)(2) to do so. *See generally* ECF No. 27. Instead, Petitioner appears to be using the motion as a way to supplement the existing state court record by providing his notes and commentary on the psychological risk assessment that the BPH considered in connection with Petitioner's September 28, 2021 parole hearing. *Id.* at 3-8.

However, being mindful of the Court's duty to liberally construe filings by *pro se* parties, the Court will briefly address the authorities to which Petitioner cites in his motion for an evidentiary hearing, namely: *McQuillion v. Duncan*, 342 F.3d 1012 (9th Cir. 2003); *Cannedy v. Adams*, 706 F.3d 1148 (9th Cir. 2011); and *Board of Pardons v. Allen*, 482 U.S. 369 (1987).[1]

In *McQuillion*, the Ninth Circuit found that the parole board in 1994 had erroneously rescinded a previous 1979 grant of fixed future parole, noting in part that the 1994 board changed its mind "without any evidence of dangerousness beyond the crime for which McQuillion was originally convicted, which had been fully considered by the Board in 1979." 342 F.3d at 1016. Finding that "none of the grounds relied on by the Board in its rescission determination was supported by 'some evidence,'" the Ninth Circuit "held that McQuillion's due process rights were violated when his parole was rescinded as

---

[1] Petitioner also cites to a case regarding a psychiatrist's civil liability for professional negligence for wrongful disclosure of a patient's threat to kill his supervisor, *Turner v. Rivera*, 835 F. App'x 273 (9th Cir. 2021), and a case standing for the general proposition that, in reviewing a habeas petition, the Court should "look through" unexplained state appellate court decisions "to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). *See* ECF No. 27 at 1. The Cout does not discuss these cases further, as they are not related even tenuously to Petitioner's request for an evidentiary hearing.

improvidently granted." *Id.* at 1014 (quoting and citing to its earlier opinion in *McQuillion v. Duncan*, 306 F.3d 895, 906 (9th Cir. 2002)). The issue before the *McQuillion* court did not concern whether the district court should have granted an evidentiary hearing pursuant to § 2254(e), and Petitioner's reliance on this case is thus inapposite to the question at hand. Rather, *McQuillion* is relevant to the merits of Petitioner's habeas claim already raised in the pending petition regarding whether Petitioner's continued incarceration is constitutionally excessive in light of the BPH's denial of parole, an issue which will be addressed when the Court rules on the petition. Indeed, Petitioner cites to *McQuillion* for the proposition that "[w]ithout any evidence of dangerousness beyond the crime of conviction[, the] Ninth Circuit Ordered immediate release." ECF No. 27 at 2. That proposition goes to the merits of the habeas petition, not the propriety of expanding the state court record, and does not persuade the Court that an evidentiary hearing is warranted here.

Petitioner's reliance on *Board of Pardons v. Allen*, 482 U.S. 369 (1987) is similarly misplaced. There, the Supreme Court addressed whether a Montana statute outlining parole eligibility criteria created a constitutionally protected liberty interest in parole release. *Id.* at 370-77. The Court ultimately held that it did create such an interest, and that the statute limited the state parole board's discretion to deny parole, requiring it to grant release when the criteria were met. *Id.* at 377-78. Therefore, the Court found the Court of Appeals had properly remanded the case to the lower court for consideration of whether the parole board's procedures afforded due process to inmates up for parole. *Id.* at 372-73, 377-81. Again, while the *Allen* case may be relevant to the underlying constitutional challenge to the BPH's denial of parole to Petitioner, it has no bearing on the question of whether this Court should grant an evidentiary hearing on the pending § 2254 petition, a question which is governed by application of § 2254(e).

Finally, in *Cannedy v. Adams*, the Ninth Circuit noted in passing that the lower district court granted the petitioner's habeas petition after holding an evidentiary hearing. 706 F.3d at 1151. However, the case does not deal with the standard for granting an

evidentiary hearing under AEDPA, as that was not the issue before the court on appeal. A review of the underlying docket also does not shed light on why an evidentiary hearing was granted in that case, as the district court merely issued a minute order in chambers stating that "[t]he Court has decided to conduct an evidentiary hearing regarding Petitioner's claims of ineffective assistance of counsel[,]" without any analysis provided. *See Cannedy v. Adams*, Case No. 5:08-cv-01230-CJC-E, at ECF No. 12 (C.D. Cal. Dec. 3, 2008). Therefore, the Court has little insight into the reasons behind the decision in the *Cannedy* case,[2] and Petitioner here does not explain why the circumstances of **his** case meet the narrow AEDPA exceptions under which an evidentiary hearing is permitted.

## IV.   CONCLUSION

Because Petitioner has failed to make a showing adequate to satisfy the "stringent" standard to expand the state court record through an evidentiary hearing in a federal habeas case, *see Shinn*, 596 U.S. at 371, the Court **DENIES** the Motion for Evidentiary Hearing (ECF No. 27).

**IT IS SO ORDERED.**

Dated: October 20, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[2] According to the Ninth Circuit opinion, Cannedy's ineffective assistance of counsel claim was based on a handwritten statement from a witness that Cannedy had provided to the trial court below, stating that his trial attorney failed to call a witness who had evidence that Cannedy's accuser in the case had made statements online that her accusations against Cannedy were false. *Cannedy*, 706 F.3d at 1153-55. Cannedy had informed his trial counsel that this witness and others were available to give favorable testimony on his behalf, but his counsel did not call any of those potential witnesses at trial. *Id.* at 1155. Therefore, the Court surmises that the district court reviewing Cannedy's habeas petition ordered an evidentiary hearing on the basis that, but for his counsel's ineffective assistance in failing to call witnesses to give exculpatory testimony, no reasonable factfinder would have found Cannedy guilty of the underlying offense pursuant to § 2254(e)(2)(B).