UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BOWELL,<br><br>                     Petitioner,<br><br>v.<br><br>MARCUS POLLARD, Warden, *et al.*,<br><br>                     Respondents. | Case No.: 3:23-cv-01234-LL-AHG<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION COMPELLING JUDICIAL REVIEW**<br><br>**[ECF No. 28]** |

      Before the Court is Petitioner's Notice and Motion Compelling Judicial Review. ECF No. 28. Upon careful review, the Court construes the motion as a supplement to his existing habeas petition and a request for the Court to rule on the petition and grant the writ. Petitioner devotes the majority of the motion to repeating substantive arguments in support of his existing habeas petition—that is, he argues that his current sentence of 25 years to life pursuant to California's Three Strikes Law is unlawful, that he was wrongfully given a five-year parole denial on September 28, 2021, and that his continued incarceration is excessive and grossly disproportionate to his culpability. *Compare* ECF No. 28 at 1-6 (arguments raised in instant motion) *with* ECF No. 1-2 at 8-11 (decision by the Superior Court of California denying Petitioner's state habeas petition, which is the last-reasoned state court decision on Petitioner's habeas claims, discussing the same arguments raised in the § 2254 petition before the Court). Because these issues are already before the Court in

Petitioner's existing habeas petition (ECF No. 1), the Court **DENIES** Petitioner's Motion Compelling Judicial Review (ECF No. 28) **as moot**. The habeas petition was fully briefed as of September 29, 2023 and is ripe for a Report and Recommendation to the presiding District Judge for final decision. Therefore, Petitioner need not file a separate motion for decision on the petition.

To the extent Petitioner intends by his motion to request expedited review of his habeas petition, that request is also **DENIED**. Although there are expedited habeas review procedures in place for capital defendants, Petitioner is not facing a capital sentence and has cited to no authority supporting the request for an expedited review process in his case. *See* 28 U.S.C. § 2266 (providing that any § 2254 or § 2255 habeas petition filed "by a person under sentence of death" will be "given priority by the district court and by the court of appeals over all noncapital matters[,]" and that courts must render final determination on any such writ of habeas corpus in a capital case either 450 days after the application is filed, or 60 days after the date on which the case is submitted for decision, whichever is earlier). The Court will issue a decision on the petition in due course.

**IT IS SO ORDERED.**

Dated: October 20, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge